# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1514V

| | |
|---|---|
| CYNTHIA LYLES,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: March 10, 2025 |

*Edward M. Kraus, Kraus Law Group, LLC, Chicago, IL, for Petitioner.*

*Benjamin Rex Eisenberg, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On September 1, 2023, Cynthia Lyles filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccination administered to her on October 10, 2022. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 4, 2024, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for her GBS. ECF No. 30. On March 7, 2025, Respondent filed

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

a Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $190,000.00 in pain and suffering, $6,039.00 in past unreimbursable expenses, and $15,384.59 in past lost wages. Proffer at 1-2, ECF No. 38. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $211,423.59 for pain and suffering, past unreimbursable expenses, and past lost wages, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran  
Brian H. Corcoran  
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

CYNTHIA LYLES,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

No. 23-1514V
Chief Special Master Corcoran
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On September 1, 2023, Cynthia Lyles ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34, as amended ("Vaccine Act" or "Act"). Petitioner alleges that she suffered the Vaccine Injury Table injury of Guillain-Barre Syndrome ("GBS") that developed following an influenza ("flu") vaccine administered on October 10, 2022. Petition at 1.

On October 25, 2024, respondent filed a respondent's report conceding entitlement to compensation, and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 28, 30.

### I. Items of Compensation

#### A. Pain and Suffering

Respondent proffers that petitioner should be awarded $190,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $6,039.00.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

### C.      Past Lost Wages

Evidence supplied by petitioner documents that she incurred past lost wages related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in the amount of $15,384.59.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

### D.      No Other Elements of Compensation

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.      Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent proffers that petitioner should be awarded a lump sum payment of $211,423.59 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.   This amount represents all elements of compensation to which petitioner is entitled under § 300aa-15(a). [1]

## III.     Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner:                              **$211,423.59.**

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ *Benjamin Eisenberg*
BENJAMIN EISENBERG
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington D.C. 20044-0146
(202) 514-4074
Benjamin.Eisenberg@usdoj.gov

DATED: Friday, March 7, 2025